Eric Sapir (SBN 282740)
es@ericsapirlaw.com
LAW OFFICE OF ERIC SAPIR
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064
Tel: (310) 444-3058
Fax: (310) 444-3059

Attorney for Plaintiff
NATALIE SANTIAGO

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE SANTIAGO,<br><br>Plaintiff,<br><br>v.<br><br>KEY AUTO RECOVERY; EQUITABLE SERVICES INC.; and SILGAN WHITE CAP CREDIT UNION,<br><br>Defendants. | Case No.<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES<br><br>[JURY TRIAL DEMANDED] |

## I. INTRODUCTION

1. NATALIE SANTIAGO ("Plaintiff") brings this action for damages, and other available legal or equitable remedies, resulting from the illegal actions of defendants KEY AUTO RECOVERY, EQUITABLE SERVICES INC., and SILGAN WHITE CAP CREDIT UNION ("Defendants"), in attempts to

_____
FIRST AMENDED COMPLAINT FOR DAMAGES

collect a consumer debt allegedly owed by Plaintiff and the acts and/or omissions committed in repossessing Plaintiff's vehicle.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d),* which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Defendants conduct business in the state of California, and therefore, personal jurisdiction is established. Venue is proper pursuant to *28 U.S.C. 1391(b)(2).*

4. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202.*

## III. PARTIES

5. Plaintiff NATALIE SANTIAGO ("Plaintiff") is, and at all times mentioned herein was, an individual citizen of the State of California, and resident of the County of Los Angeles.

6. Upon information and belief, defendant EQUITABLE SERVICES INC. ("EQUITABLE") is an Illinois Corporation with its headquarters in Chicago, Illinois.

7. Upon information and belief, defendant KEY AUTO RECOVERY ("KAR") is a California Corporation with its headquarters in Van Nuys, California.

8. Upon information and belief, defendant SILGAN WHITE CAP CREDIT UNION ("SILGAN") is an Illinois business entity of unknown form.

9. Defendants are engaged in the collection of debts from consumers using the mail and telephone, and the repossession of vehicles.  Defendants regularly attempt to collect consumer debts alleged to be due to another and repossess vehicles or hire other agents or companies to repossess vehicles on their behalf.

10. Plaintiff is a "consumer" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692a(3), and a "debtor" as defined by the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code 1788.2(h).

11. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5) and a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

12. Defendants are debt collectors as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

13. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. FACTUAL ALLEGATIONS

14. On or about January 14, 2015, at or after approximately 9:00 p.m., Defendants knocked on Plaintiff's door to her residence and informed her that they will be repossessing her vehicle and demanded her key to the vehicle. Plaintiff gave Defendants the key to the vehicle.

15. Before Defendants left with the vehicle, Plaintiff asked Defendant if they can wait there until she goes upstairs to her residence to get a cart to load her personal items from the vehicle; Defendants agreed. When Plaintiff returned with a cart, Defendants fled the scene with her vehicle and personal items.

16. Defendants refused to provide Plaintiff with the location of the vehicle and only stated that the vehicle will be in Van Nuys when the repossession is complete.

17. Defendants repossessed Plaintiff's vehicle by entering private property which was secured by a locked gate and fence, without permission.

18. Defendants failed to notify Plaintiff of the seizure of the vehicle within the time required by law, and failed to mail her a written inventory of the items it had seized. Plaintiff demanded that Defendants return her personal property, and Defendants refused to cooperate until Plaintiff retained counsel.

19. The alleged debt/vehicle possessed is claimed to have been used primarily for personal, family, or household purposes.

FIRST AMENDED COMPLAINT FOR DAMAGES

20. Within five days of Defendants' first contact with Plaintiff, Defendants failed to send Plaintiff a written notice that included the following required by the FDCPA:

>  (1) the amount of the debt;
>
>  (2) the name of the creditor to whom the debt is owed;
>
>  (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
>  (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
>  (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(15 USC 1692g).

21. Within five days of Defendants' first contact with Plaintiff, Defendants failed to send Plaintiff a written notice that included the following language required by the RFDCPA:

>  The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may

- 5 -
FIRST AMENDED COMPLAINT FOR DAMAGES

not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or *www.ftc.gov*.

(*Cal. Civ. Code §* 1812.700).

22. As a direct result of Defendants' acts and omissions, Plaintiff has suffered and continues to suffer severe emotional distress.

23. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FIRST CAUSE OF ACTION
VIOLATION OF THE
FAIR DEBT COLLECTION PRACTICES ACT
(Against All Defendants)**

24. Plaintiff reincorporates by reference all of the preceding paragraphs.

25. Defendants had no present right to repossess plaintiff's vehicle because they breached the peace by entering secured and gated private property to do so, in violation of Commercial Code § 9609 and the Collateral Recovery Act, Bus. & Prof. Code § 7508.2(d).

26. Defendants violated the FDCPA based on the following:

- 6 -
_____
FIRST AMENDED COMPLAINT FOR DAMAGES

a) Defendants violated §1692c(a)(1) by communicating with Plaintiff at any unusual time or place or a time or place known or which should be known to be inconvenient to Plaintiff.

b) Defendants violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

c) Defendants violated §1692d(1) of the FDCPA by using or threating criminal means to harm the physical person, reputation, or property of Plaintiff.

d) Defendants violated §1692d(2) of the FDCPA by using obscene or profane language or language the natural consequence of which is to abuse the Plaintiff.

e) Defendants violated § 1692e(10) by using false representations and deceptive practices in connection with collection of the alleged debt.

f) Defendants violated §1692e(11) by failing to notify Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose.

g) Defendants violated §1692f(6) by using unfair or unconscionable means to collect the alleged debt.

- 7 -
_____
FIRST AMENDED COMPLAINT FOR DAMAGES

h) Defendants violated §1692g(a)(1) by failing to send Plaintiff a written notice within five days of the initial communication that included the following: the amount of the debt.

i) Defendants violated §1692g(a)(2) by failing to send Plaintiff a written notice within five days of the initial communication that included the following: the name of the creditor to whom the debt is owed.

j) Defendants violated §1692g(a)(3) by failing to send Plaintiff a written notice within five days of the initial communication that included the following: a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

k) Defendants violated §1692g(a)(4) by failing to send Plaintiff a written notice within five days of the initial communication that included the following: a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer

- 8 -

FIRST AMENDED COMPLAINT FOR DAMAGES

and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

l) Defendants violated §1692g(a)(5) by failing to send Plaintiff a written notice within five days of the initial communication that included the following: a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages for willful and negligent violations;

D. Punitive Damages;

E. Costs and reasonable attorney's fees,

F. For such other and further relief as may be just and proper.

//

//

//

FIRST AMENDED COMPLAINT FOR DAMAGES

# SECOND CAUSE OF ACTION
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
**(Against All Defendants)**

27. Plaintiff repeats and realleges all of the allegations in the First Cause of Action of Plaintiff's Complaint as the allegations in the Second Cause of Action of Plaintiff's Complaint.

28. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

29. Defendant violated the RFDCPA based on the following:

   a) Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

   b) Defendant violated the Cal. Civ. Code § 1812.700 by failing to include the specific language required by § 1812.700.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

   A. Declaratory judgment that Defendants' conduct violated the RFDCPA;

   B. Actual damages;

   C. Statutory damages for willful and negligent violations;

   D. Punitive Damages;

E. Costs and reasonable attorney's fees,

F. For such other and further relief as may be just and proper.

## THIRD CAUSE OF ACTION
### VIOLATIONS OF THE COLLATERAL RECOVERY ACT, CAL. BUS. & PROF. CODE §§ 7500, ET SEQ.
**(Against All Defendants)**

30. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

31. Defendants are "repossession agencies" as defined in Business and Professions Code § 7500.2 in that they receive consideration for engaging in business or accepting employment to locate or recover collateral in this State.

32. At the time of the repossession, Plaintiff's vehicle contained personal property. Defendants did not timely provide Plaintiff with an inventory of such property, as required by California Business and Professions Code § 7507.9, or a notice of seizure, as required by Business and Professions Code § 7507.10.

33. As a proximate result of Defendants' violations of the Collateral Recovery Act, plaintiff has been damaged in amounts that are subject to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Compensatory damages;

B. Actual damages;

C. Punitive Damages;

D. Interest on the sum of money awarded as damages or restitution

E. Costs and reasonable attorney's fees pursuant to the Private Attorney General doctrine in Code of Civil Procedure § 1021.5;

F. For such other and further relief as may be just and proper.

### FOURTH CAUSE OF ACTION
### VIOLATIONS OF THE COMMERCIAL CODE § 9609 AND THE COLLATERAL RECOVERY ACT, BUS. & PROF. CODE § 7508.2(d)
(Against All Defendants)

34. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

35. Defendants repossessed Plaintiff's vehicle by entering private property which was secured by a locked gate and fence, without permission. Accordingly, Defendants breached the peace in conducting the repossession of plaintiff's vehicle, in violation of Commercial Code § 9609 and the Collateral Recovery Act, Bus. & Prof. Code § 7508.2(d).

36. As a proximate result of Defendants' violations of the Collateral Recovery Act, plaintiff has been damaged in amounts that are subject to proof.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Compensatory damages;

B. Actual damages;

C. Punitive Damages;

D. Interest on the sum of money awarded as damages or restitution

E. Costs and reasonable attorney's fees pursuant to the Private Attorney General doctrine in Code of Civil Procedure § 1021.5;

F. For such other and further relief as may be just and proper.

## FIFTH CAUSE OF ACTION
### NEGLIGENCE
**(Against All Defendants)**

37. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

38. On or about January 14, 2015, Defendants, and each of them, negligently, improperly, and unlawfully performed and executed an attempt of repossession and did in fact repossess Plaintiff's vehicle. Defendants, and each of them, had a duty on or about January 14, 2015 to inform Plaintiff of their actions and to perform any attempt to repossess Plaintiff's vehicle lawfully and within the laws covering repossession in the State of California. Defendants, and each of them, failed to comply with their legal duty(s), and negligently performed the repossession by engaging in acts including, but not limited to the following: (1) breaching the peace of Plaintiff in the repossession process; (2) the attempted and eventual entrance into the closed

garage of Plaintiff by force; (3) gaining unlawful entry to the garage of Plaintiff, containing Plaintiff's vehicle without permission to do so; (4) not timely providing Plaintiff with an inventory of personal property in the vehicle; and (5) , not timely providing Plaintiff with a notice of seizure.  As a result of the actions described herein, Plaintiff sustained personal injury(s) and damages.

39. As a direct and proximate result of the aforesaid, said Plaintiff sustained personal injuries, all to Plaintiffs general damages, in an amount within the jurisdiction of this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Compensatory damages;

B. Actual damages;

C. Punitive Damages;

D. Interest on the sum of money awarded as damages or restitution

E. Costs and reasonable attorney's fees pursuant to the Private Attorney General doctrine in Code of Civil Procedure § 1021.5;

F. For such other and further relief as may be just and proper.

FIRST AMENDED COMPLAINT FOR DAMAGES

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

PLEASE TAKE NOTICE that Plaintiff NATALIE SANTIAGO demands a jury trial in this case.

Dated: February 6, 2017

**LAW OFFICE OF ERIC SAPIR**

By: _____
Eric Sapir
Attorney for Plaintiff
NATALIE SANTIAGO